In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00236-CV
_____

IN RE COMMITMENT OF JASON DOCKERY

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-10-10749 CV

**MEMORANDUM OPINION**

Jason Dockery appeals from a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). In three issues, Dockery challenges the facial constitutionality of Chapter 841 of the Texas Health & Safety Code, the trial court's decision to admit evidence of a criminal offense that did not result in his conviction, and the trial court's decision to admit evidence relating to the incidents that resulted in his prior criminal convictions for sexually violent crimes.

1

We conclude the complaints Dockery raises are without merit; therefore, we affirm the judgment and order of civil commitment.

Background

Dr. Sheri Gaines, a psychiatrist who, as an expert witness for the State, testified at Dockery's trial that he suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. In forming her opinion, Dr. Gaines indicated that she considered and relied upon Dockery's deposition as well as Dockery's records. The records Dr. Gaines reviewed included a multidisciplinary team evaluation on Dockery that was prepared by a psychologist, a report prepared by another psychologist who interviewed Dockery, Dockery's criminal records, various offense reports, various victim statements, Dockery's prison records, Dockery's medical records, and Dockery's disciplinary records. During Dockery's exam that he wanted permission to videotape, Dr. Gaines indicated that she compared the information from his interview to the information in his records.

Dr. Gaines testified that in her opinion, Dockery has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. She indicated that her opinion is based on two risk factors that she concluded Dockery possessed: sexual deviancy and an antisocial lifestyle. According to Dr.

2

Gaines, those traits are highly correlated with the risk that he will offend again. Dr. Gaines diagnosed Dockery as having an antisocial personality disorder, pedophilic disorder, and exhibitionistic disorder. At trial, Dr. Gaines explained why Dockery's past history, which includes multiple convictions for crimes involving sexual offenses, was significant to her conclusion that Dockery currently suffers from a behavioral abnormality.

## Uncharged Offense

In issue one, Dockery argues that the trial court should have excluded Dr. Gaines's testimony about an uncharged offense, which involved his sexual contact with a three-year-old child. According to Dockery, the probative value of this evidence was substantially outweighed by the undue prejudice he suffered because the evidence was admitted. Dockery objected to the testimony when it was offered, and he repeated his objection when the State asked Dockery about his allegation that he had been accused of crimes that he did not commit.

Rule 403 of the Texas Rules of Evidence authorizes courts to exclude evidence that is unduly prejudicial. Tex. R. Evid. 403. The Rule provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting

3

cumulative evidence." Tex. R. Evid. 403. In an SVP case, we have explained that "[e]vidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis, commonly, but not necessarily, an emotional one." *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied). We have also indicated that the factors the trial court should consider in deciding whether to exclude evidence about other sexual offenses include: (1) the probative value of the evidence, (2) its potential to impress the jury in some irrational way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Id*.

In Dockery's case, the testimony indicates that Dr. Gaines considered the uncharged offense in forming her opinion that Dockery has a behavioral abnormality. However, she also indicated that other information she had about Dockery, unrelated to the alleged incident involving the three-year-old child, would have caused her to conclude that Dockery has a pedophilic disorder. According to Dockery, the evidence about the alleged offense with the three-year-old child lacks probative value because Dr. Gaines would have concluded he is a pedophile anyway.

Nonetheless, the record shows that Dr. Gaines utilized the evidence in forming her opinions. The alleged offense involving the three-year-old was not

4

more sordid than the other offenses that resulted in Dockery's convictions for crimes involving sexual violence, and the record reflects that the State spent minimal time in developing the evidence. *See id.* Dockery argues that the jury might have been angered that he had not been punished for the incident with the three-year-old child; however, the jury was also aware that Dockery spent fifteen years in prison after being convicted of three sexually violent crimes. We conclude that it is speculative whether the jury might have developed any significant animus towards Dockery based on the testimony the trial court admitted about the incident involving the three-year-old child, as Dockery did not completely escape punishment for his history of sexual misconduct.

We hold the trial court could reasonably conclude the evidence about the incident with the three-year-old child had probative value because it provided insight into how Dr. Gaines formed her opinions. Given the other evidence that was admitted regarding Dockery's other sexually violent offenses, together with the minimal amount of time spent developing the testimony at issue, the trial court could reasonably conclude that the evidence was not unduly prejudicial in the context of the issues that the jury was asked to resolve at the conclusion of Dockery's trial. We hold the trial court did not abuse its discretion in admitting the evidence at issue, and we overrule issue one.

Testimony Regarding Dockery's Prior Convictions

Dockery complains that the trial court erred in admitting testimony that described what he did that led to his prior convictions of sexually violent crimes. The testimony at issue, introduced through Dr. Gaines, was admitted by the trial court for a limited purpose—to allow Dr. Gaines to explain the basis of her opinion. Dockery objected to the testimony on the basis that its probative value was outweighed by the danger the evidence would cause confusion and unfair prejudice.

In this case, Dr. Gaines stated that she follows the standard methodology in conducting a behavioral abnormality evaluation, which includes conducting a face-to-face psychiatric examination of the individual, as well as reviewing the individual's psychological reports, offense reports, any victim statements that involved the individual's crimes, prison records, medical records, and disciplinary records. According to Dr. Gaines, experts in her field rely on these types of records in forming opinions. Dr. Gaines explained that in a forensic setting, these types of records are important because the individual has not voluntarily presented himself for an evaluation, and the records often contain important information about events that occurred long ago.

We have previously explained why evidence regarding the details of an alleged sexually violent predator's prior offenses has probative value to help the jury understand the expert's opinion in SVP cases. *See generally In re Commitment of Day*, 342 S.W.3d 193, 198-99 (Tex. App.—Beaumont 2011, pet. denied) (allowing the experts to explain the facts considered in reaching their opinions, and to explain how those facts influenced the experts' evaluations). During Dockery's trial, Dr. Gaines read the indictments associated with his prior crimes without objection. Shortly after the information that was in the indictments was before the jury, the trial court instructed the jury as follows:

> Hearsay is a statement other than the one made by the declarant while testifying at trial or hearing, offered to prove the truth of the matter asserted. Certain hearsay information which is contained in records reviewed by experts, that has been admitted or was admitted before you through an [] expert's testimony. Such hearsay is admitted only for the purpose of showing the basis of the expert's opinion, and cannot be considered as evidence to prove the truth of the matter asserted.

Dockery obtained a running objection to Dr. Gaines's testimony based on his claim that evidence addressing the details of his prior offenses would be prejudicial. Dockery argues that the probative force of the evidence regarding the details of his prior offenses does not make it more probable that he has a behavioral abnormality, that the testimony was not relevant to Dr. Gaines's opinion that he

7

has a behavioral abnormality, and that the testimony did not assist the jury in weighing any evidence.

In our view, in the context of an SVP trial, the type of evidence at issue generally has some probative value. The details revealed by the information about Dockery's prior offenses and the information that Dr. Gaines reviewed regarding the incident with the three-year-old child all involved young children. In the context of explaining how Dockery lacked control over his sexual behavior, the details described by Dr. Gaines provided the jury with information regarding the extreme nature of the conduct on which Dr. Gaines relied to form her opinion that Dockery is unable to sufficiently control his sexual behavior. We disagree with Dockery's argument that the evidence has no probative force. For instance, Dr. Gaines explained that violence together with sexual activity that involves young children are risk factors that are used to assess the risk that an individual may offend again, and these incidents influenced her opinion that Dockery has a sexual abnormality. According to Dr. Gaines, one of the incidents involving one of the children reflected conduct representative of Dockery's exhibitionistic disorder, a disorder that she stated Dockery continued to exhibit while in prison through the date that his civil commitment process commenced. Dr. Gaines explained that the combination of Dockery's pedophilia and exhibitionistic behavior represent a

heightened sexual deviance, which increases the risk that Dockery will offend again.

Dockery argues that because less inflammatory evidence was available, the need for the testimony about the details of his offenses against children was unnecessary for the jury to gain an understanding regarding the basis of Dr. Gaines's opinion. For instance, Dockery incurred over thirty prison disciplinary actions while in prison for sexual conduct that shows he could not follow the prison's rules on such conduct. Dockery contends that these were all the State needed to show that he had been involved in sexual acts that he committed when others were present. These infractions, however, involved adult females, not children. Given Dr. Gaines's testimony associating the risk that Dockery will offend again with his offenses involving children, it was reasonable for the trial court to conclude that the testimony about the details of the incidents involving children were more probative than prejudicial with respect to the issues involved in Dockery's case.

Additionally, the details of the incidents at issue were not unduly prejudicial, given that some of the details of the incidents that involved Dockery's past conduct with children were admitted into evidence without objection. We conclude the trial court did not abuse its discretion by admitting Dr. Gaines's testimony that

addressed the details of Dockery's sexual conduct with children. *See Day*, 342 S.W.3d at 198-99; *see also* Tex. R. Evid. 403, 705(d). We overrule issue two.

### Constitutionality of Chapter 841

In his third issue, Dockery argues that this Court's decision in *In re Commitment of Richard*, No. 09-13-00539-CV, 2014 WL 2931852 (Tex. App.—Beaumont June 26, 2014, pet. denied), *cert. denied*, 2015 WL 731079 (2015) (mem. op.) renders Chapter 841 of the Texas Health and Safety Code facially unconstitutional. We addressed and rejected this same argument in *In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 WL 474604, at *10 (Tex. App.—Beaumont Feb. 5, 2015, pet. filed) (mem. op.). For the reasons discussed in *Lucero*, we overrule Dockery's third issue.

Having overruled each of Dockery's issues, the trial court's judgment and order of civil commitment are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 12, 2015
Opinion Delivered May 7, 2015

Before Kreger, Horton, and Johnson, JJ.

10